JOSEPH T. McNALLY
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
SHAWN T. ANDREWS (Cal. Bar No. 319565)
Assistant United States Attorneys
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559/6104
     Facsimile: (213) 894-3713
     E-mail:    kim.meyer@usdoj.gov
                shawn.andrews@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-662-ODW-16 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT LIEN TRAN |
| v. | |
| LIEN TRAN, | |
| Defendant. | |

1.   This constitutes the plea agreement between LIEN TRAN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>RULE 11(c)(1)(C) AGREEMENT</u>

2.    Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 18 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provision of this agreement, paragraph 20, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

3.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count 17 of the indictment in <u>United States v. Tu Chau Lu, et al.</u>, CR No. 15-662-ODW, which charges defendant with Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(3)(B), (C).

b.    Not contest facts agreed to in this agreement.

      c. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 12 of this agreement.

      d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

      a. Not contest facts agreed to in this agreement.

      b. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 12 of this agreement.

## NATURE OF THE OFFENSE

Defendant understands that for defendant to be guilty of the crime charged in count 17 of the Indictment, that is, Laundering of Monetary Instruments, in violation of 18 U.S.C. § 1956(a)(3)(B), (C), the following must be true: (1) defendant conducted a financial transaction involving property; (2) with the intent to conceal or disguise the nature, location, source, ownership, or control of

3

property believed to be the proceeds of specified unlawful activity (i.e., drug trafficking), or to avoid a transaction reporting requirement under State or Federal law; and (3) the financial transaction involved property represented by a person at the direction of, or with the approval of, a Federal official authorized to investigate such violations, to be the proceeds of specified unlawful activity, in this case, drug trafficking.

## PENALTIES AND RESTITUTION

5.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1956(a)(3)(B), (C) is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that he is pleading guilty to a felony and that

it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree

5

that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about May 30, 2013, at defendant's home in Santa Ana, California, within the Central District of California, defendant met with an individual who defendant believed to be an associate of co-defendant Ben Ho ("Ho"), but who was actually a Confidential Source ("CS") working for the Federal Bureau of Investigation. Inside her home, defendant accepted $350,000 from the CS on Ho's behalf in exchange for a wire transfer that Ho believed he was sending to the CS. Defendant did so with the intent to avoid a transaction reporting requirement under State or Federal law. During that interaction, the CS told defendant that the $350,000 was "drug money that [he had] to filter."

By accepting $350,000 on Ho's behalf from the CS, defendant was aware that there was a high probability that Ho was engaged in laundering of proceeds of drug trafficking with the CS, and defendant deliberately avoided learning the truth about that fact.

<u>SENTENCING FACTORS AND AGREED-UPON SENTENCE</u>

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 8 | U.S.S.G. § 2S1.1(a)(2) |
| Value of Laundered Funds: | 12 | U.S.S.G. § 2B1.1(b)(1)(G) |
| Specific Offense Characteristics: | | |
| Convicted of 18 U.S.C. § 1956 | +2 | U.S.S.G. § 2S1.1(b)(1) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1(b) |

12. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of probation of a length to be fixed by the Court, with conditions to be fixed by the Court, and a $100 special assessment.

13. Defendant and the USAO agree that there is no agreement as to defendant's criminal history or criminal history category.

## WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

7

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

 15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

 16. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 12 above, defendant gives up the right to appeal any portion of that sentence.

 17. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 12 above, the USAO gives up its right to appeal any portion of that sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

18.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

19.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

20.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth

in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

21. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

22. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 11 and 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the

USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

23. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

24. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

JOSEPH T. McNALLY
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515

_____  1/20/23
KAREN I. MEYER                   Date
SHAWN T. ANDREWS
Assistant United States Attorneys

_____  1/20/23
LIEN TRAN                        Date
Defendant

_____  1/20/23
EDWARD ROBINSON, ESQ.            Date
Attorney for Defendant Lien Tran

12

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  
LIEN TRAN  
Defendant

1/23/20  
Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am LIEN TRAN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  1/23/20
EDWARD ROBINSON, ESQ.       Date
Attorney for Defendant Lien Tran