JOSEPH T. McNALLY
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559
     Facsimile: (213) 894-3713
     E-mail:    kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-662-ODW-16 |
| Plaintiff, | <u>GOVERNMENT'S SENTENCING POSITION RE: DEFENDANT LIEN TRAN</u> |
| v. | Sentencing |
| LIENT TRAN, | Date and Time: July 17, 2023 |
| Defendant. | 11:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Karen I. Meyer, hereby files its sentencing position paper.

This position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further

1  evidence and argument as the Court may permit.

2   Dated: July 11, 2023                    Respectfully submitted,

3                                           JOSEPH T. McNALLY
                                            Attorney for the United States,
4                                           Acting Under Authority Conferred
                                            by 28 U.S.C. § 515
5
                                            MACK E. JENKINS
6                                           Assistant United States Attorney
                                            Chief, Criminal Division
7

8                                           /s/ Karen I. Meyer
                                            _____
                                            KAREN I. MEYER
9                                           Assistant United States Attorney

10                                          Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  BACKGROUND

    A.  Offense Conduct and Plea

Defendant pled guilty to helping her husband and co-defendant Ben Ho with a $350,000 money laundering transaction by accepting that cash from an informant in exchange for two wires that Ho sent two days prior to what he believed was the informant's bank account, but was in actuality an account controlled by the Federal Bureau of Investigation ("FBI").  Pursuant to a binding Rule 11(c)(1)(C) plea agreement, defendant agreed to the following facts:

On or about May 30, 2013, at defendant's home in Santa Ana, California, within the Central District of California, defendant met with an individual who defendant believed to be an associate of co-defendant Ho, but who was actually a Confidential Source ("CS") working for the FBI.  Inside her home, defendant accepted $350,000 from the CS on Ho's behalf in exchange for a wire transfer that Ho believed he was sending to the CS.  Defendant did so with the intent to avoid a transaction reporting requirement under State or Federal law.  During that interaction, the CS told defendant that the $350,000 was "drug money that [he had] to filter."

By accepting $350,000 on Ho's behalf from the CS, defendant was aware that there was a high probability that Ho was engaged in laundering of proceeds of drug trafficking with the CS, and defendant deliberately avoided learning the truth about that fact.

    B.  USPO Guideline Calculation

The United States Probation Office ("USPO") prepared a Pre-Sentence Report and Recommendation ("PSR") calculating a criminal history category of I and adjusted total offense level of 19.  (PSR

¶¶ 52, 58.)  The USPO calculated the adjusted total offense level based on a base offense level of 8, U.S.S.G. § 2S1.1(a)(2), plus the number of offense levels from the table in U.S.S.G. § 2B1.1 corresponding to the value of the laundered funds, which was in this case plus twelve levels for an amount of at least $250,000 but no more than $550,000, U.S.S.G. § 2B1.1(b)(1)(G),[1] and plus two levels for a conviction under 18 U.S.C. § 1956, U.S.S.G. § 2S1.1(b)(2)(B). (PSR ¶¶ 38-52.)  The adjusted total offense level and criminal history category calculated by the USPO resulted in a sentencing range of 30 to 37 months.  (PSR, Guideline Summary.)  USPO recommended a three-year probationary sentence with six months of home detention, a special assessment of $100, and a $6,000 fine. (PSR Recommendation Letter.)

The government concurs in these guidelines calculations, as they are the calculations set forth in the binding plea agreement.  These guidelines calculations are the "initial benchmark" that this Court should use in calculating the Guidelines for sentencing.  See United States v. Henderson, 649 F.3d 955, 964 (9th Cir. 2011).

II.   GOVERNMENT SENTENCING RECOMMENDATION

The government concurs with the probation officer's recommendation for three years probation under the terms set forth in the PSR recommendation letter, with six months home detention, and a $6,000 fine.  The probationary sentence is supported by the nature and circumstances of the offense and history and characteristics of the defendant.  See Henderson, 649 F.3d at 964 (After properly calculating the Guidelines range, "[s]entencing courts must also

---

[1] In the PSR recommendation letter on page 3, the probation officer mistakenly references the amount of cash as $135,000.

2

continue to consider all of the § 3553(a) factors in deciding upon the sentence."). First, defendant has no criminal history. Second, defendant was brought into this criminal activity by her husband and co-defendant. Third, defendant's criminal conduct was limited.

Defendant objects to home detention on the ground that defendant will be unable to financially support her family if she is in home detention. This is incorrect. Application note 1 of U.S.S.G. § 5F1.2 specifically addresses this concern when defining "home detention":

> "**Home detention**" means a program of confinement and supervision that restricts the defendant to his place of residence continuously, except for authorized absences, enforced by appropriate means of surveillance by the probation office. When an order of home detention is imposed, the defendant is required to be in his place of residence at all times <u>except for approved absences for gainful employment</u>, community service, religious services, medical care, educational or training programs, and such other times as may be specifically authorized....

U.S.S.G. § 5F1.2, n.1 (emphasis added). Further in that same commentary under "Background," the guidelines specify the following: "In the usual case, the Commission assumes that a condition requiring that the defendant seek and maintain gainful employment will be imposed when home detention is ordered." <u>Id.</u>

The government also agrees with imposition of a low-end fine of $6,000, with a payment schedule of at least $250 per month. (PSR ¶ 102.) A fine or community service is mandatory in this circumstance "unless the court finds on the record that extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the other conditions set forth under subsection [3563](b)." 18 U.S.C.§ 3563(a)(2).

3

The government believes that this sentence comports with the considerations set forth in 18 U.S.C. § 3553(a) and takes into account the sentences of other defendants this Court has imposed in this case.

III. CONCLUSION

For the foregoing reasons, the government recommends a three-year probationary sentence with six months home confinement, a $100 special assessment, and a $6,000 fine.